606 P.2d 539

**In re a MOTION FOR A SUBPOENA DUCES TECUM TO ISSUE TO the CUSTODIAN OF the RECORDS OF the GOVERNOR'S ORGANIZED CRIME PREVENTION COMMISSION.**

No. 12818.

Supreme Court of New Mexico.

Jan. 28, 1980.

Jane H. Yaker, David C. Hughes, Jr., Albuquerque, for Organized Crime Prevention Commission.

## OPINION

PER CURIAM.

This action was commenced as an original proceeding in the New Mexico Supreme Court through the filing of a Motion for Issuance of a Subpoena Duces Tecum to the Governor's Organized Crime Prevention Commission. After hearing, this Court issued a Subpoena Duces Tecum to the custodian of the records of the Commission. Oral arguments were again heard by the Court and at the conclusion of the second hearing, the Court ordered certain portions of the Commission's records to be produced to the movants (Brown, et al.), subject to prior review by this Court *in camera* at a hearing to be held on January 18, 1980. On that date, this Court vacated the *in camera* hearing and requested that the parties submit briefs on the constitutionality of § 29–9–8(B), N.M.S.A.1978, in the light of the provisions of N.M.Const., Art. VI, §§ 2 and 3. A second question which the Court asked the parties to brief was directed towards what court, if any, would have jurisdiction in the event this Court ruled that

the pertinent portion now under consideration of § 29–9–8(B) was unconstitutional.

The last sentence of § 29–9–8(B), as amended, reads:

The records, reports and files of the commission shall not be subject to subpoena except by order of the supreme court of New Mexico.

N.M.Const., Art. VI, § 3 prescribes the extent of the original jurisdiction of the Supreme Court of the State of New Mexico. It reads:

The supreme court shall have original jurisdiction in quo warranto and mandamus against all state officers, boards and commissions, and shall have a superintending control over all inferior courts; it shall also have power to issue writs of mandamus, error, prohibition, habeas corpus, certiorari, injunction and all other writs necessary or proper for the complete exercise of its jurisdiction and to hear and determine the same. . . .

■ The appellate jurisdiction of the Supreme Court is set out in N.M.Const., Art. VI, § 2:

Appeals from a judgment of the district court imposing a sentence of death or life imprisonment shall be taken directly to the supreme court. In all other cases, criminal and civil, the supreme court shall exercise *appellate* jurisdiction as may be provided by law; provided that an aggrieved party shall have an absolute right to one appeal. . . . (Emphasis added.)

Pursuant to the power of superintending control granted to the Supreme Court under N.M.Const., Art. VI, § 3, this Court is vested with the exclusive right to prescribe and regulate pleading, practice and procedure in all courts, including lower courts. Earlier New Mexico case law has held that the Legislature will not enter this area, and in fact, lacks the power to prescribe and regulate those rules of practice, pleading and procedure. *Ammerman v. Hubbard Broadcasting, Inc.*, 89 N.M. 307, 551 P.2d 1354 (1976); *State ex rel. Anaya v. McBride*, 88 N.M. 244, 539 P.2d 1006 (1975).

Based upon the foregoing constitutional provisions and authorities, we are of the opinion that the last sentence in § 29–9–8(B) is unconstitutional.

■ This brings us to a consideration of the next question: Is § 29–9–8(B) severable, and if so, what court, if any, would have jurisdiction to entertain a motion for issuance of a subpoena duces tecum to the Governor's Organized Crime Prevention Commission?

The Organized Crime Act contains a severability clause and notwithstanding the unconstitutionality of § 29–9–8(B), the remaining portions of the Act nonetheless retain their original purpose and can be properly enforced. The invalid portion of the Act may be separated from the other portions without impairing the force and effect of the remaining portions of the Act. This result is supported by New Mexico case law. *Bradbury & Stamm Const. Co. v. Bureau of Revenue*, 70 N.M. 226, 372 P.2d 808 (1972); *State v. Klantchnek*, 59 N.M. 284, 283 P.2d 619 (1955). We are of the opinion that the last sentence in § 29–9–8(B) is severable but that the remainder of the Organized Crime Act remains in full force and effect.

The district courts have jurisdiction to entertain these proceedings with a right to determine whether the subpoena which had been requested should issue. Original jurisdiction is conferred upon the district courts under N.M.Const., Art. VI, § 13, which provides:

The district court shall have original jurisdiction in all matters and causes not excepted in this constitution, . . . .

N.M.R.Civ.P. 45, N.M.S.A.1978, adopted by the Supreme Court, provides that subpoenas duces tecum may issue from the district courts for the production of books, papers, documents or tangible things designated therein.

■ This is a matter of great public concern as expressed by the Legislature. This Court will not hesitate to exercise its power of superintending control to protect the confidentiality of Crime Commission information against unwarranted disclosure thereof. Therefore, under our power of superintending control, and in this particu-

lar case, the district courts are hereby authorized and directed, upon proper application for a subpoena duces tecum under Rule 45, to hear and determine whether the records, reports and files of the Governor's Organized Crime Prevention ·Commission may be subpoenaed, and if so, upon what conditions.

If the district court orders that a subpoena duces tecum be issued, we further direct that court to hold an *in camera* hearing to determine which records, reports and files of the Governor's Organized Crime Prevention Commission shall be produced, bearing in mind the overall intent of the Legislature as expressed in the Organized Crime Act, §§ 29–9–1 through 29–9–17, N.M.S.A. 1978, and particularly §§ 29–9–5 C(6), 29–9–5 D, 29–9–8 and 29–9–15, N.M.S.A.1978, which are calculated to protect confidentiality in furtherance of the purpose of the Crime Prevention Act.

IT IS SO ORDERED.

. SOSA, C. J., and EASLEY, PAYNE, FEDERICI and FELTER, JJ., concur.