697 P.2d 946

**AMERICAN AUTOMOBILE ASSOCIATION, a Connecticut corporation, and Jay Walton Enterprises, Inc., a New Mexico corporation, Plaintiffs-Appellees,**

v.

**STATE CORPORATION COMMISSION of the State of New Mexico, Defendants-Appellants,**

**and**

**Malcolm Services, Inc., Intervenor-Appellant.**

**No. 14935.**

Supreme Court of New Mexico.

April 9, 1985.

Maureen Sanders, Santa Fe, for Corp. Com'n.

Jack Smith, Kenneth McDaniel, Albuquerque, for Malcolm Services, Inc.

John P. Eastham, Jonathan W. Hewes, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for plaintiffs-appellees.

## OPINION

FEDERICI, Chief Justice.

This motor carrier permit case originated in the State Corporation Commission and is before this Court on appeal from the District Court of Santa Fe County, pursuant to NMSA 1978, Section 65–2–120 (Repl.Pamp. 1981). We conclude that the appeal from the district court to this Court was untimely, and that this Court therefore lacks jurisdiction to consider the merits of the case.

The American Automobile Association and Jay Walton Enterprises, Inc. (plaintiffs), applied for a contract motor carrier permit from the State Corporation Commission. The permit would allow Jay Walton Enterprises to provide contract towing service to the American Automobile Association. Malcolm Services, Inc., and other towing companies protested the application, and the State Corporation Commission denied the permit. Plaintiffs appealed to the district court, and the district court reversed. The State Corporation Commission and Malcolm Services (defendants) then appealed to this Court.

Defendants filed a notice of appeal 51 days after the district court had entered its judgment. Defendants, therefore, appealed to this Court within the 60-day time limit which is provided by NMSA 1978, Section 65–2–120(G) (Repl.Pamp.1981), the statute which sets out the procedure for appealing motor carrier cases. Defendants did not appeal, however, within the 30-day limit allowed by the applicable appellate rule, NMSA 1978, Civ.App.Rule 3(a) (Repl.Pamp. 1984).

■ It is not disputed that the statute and Rule 3(a) are inconsistent. The law is clear that on procedural matters such as time limitations for appeals, a rule adopted by the Supreme Court governs over an inconsistent statute. *State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947); *State v. Doe,* 90 N.M. 568, 566 P.2d 117 (Ct.App. 1977). This is predicated upon the constitutional doctrine that the Court has the power to regulate pleading, practice and procedure within the courts. N.M. Const. art. VI, § 3; *State v. Roy,* 40 N.M. 397, 60 P.2d 646 (1936).

Defendants contend that the applicable appellate rule in this case is NMSA 1978, Civ.App.Rule 13 (Repl.Pamp.1984) and not Rule 3(a). Rule 13 provides in part:

> *Except as may be otherwise provided by law,* appeals from orders, decisions or actions of boards, commissions, administrative agencies or officials shall be taken by filing notice of appeal with the appellate court with proof of service thereof on all parties and the agency involved *and thereafter proceeding within the time limits and in accordance with the rules applicable to appeals from final judgments of district courts in civil actions.* (Emphasis added.)

Defendants' argument is that the initial clause—"[e]xcept as may be otherwise provided by law"—allows the 60-day time limit set out in NMSA 1978, Section 65–2–120(G) to control over the 30-day limit in Rule 3(a).

■ We conclude that Rule 13 is not applicable to the proceedings in this case. By its terms, Rule 13 applies only to "appeals from orders, decisions or actions of

boards, commissions, administrative agencies or officials." The rule provides that these appeals from administrative actions shall be handled procedurally *as if* they were "appeals from final judgments of district courts." Rule 13 applies to appeals from actions of administrative bodies directly to the courts. It does not apply to an appeal, such as this, from a district court to an appellate court. Because Rule 13 is inapplicable to appeals from district courts, the exception clause within Rule 13 does not provide a basis for the applicability of NMSA 1978, Section 65–2–120(G). That portion of Section 65–2–120(G) which purports to give parties to motor carrier cases 60 days to appeal from the district court to the Supreme Court is superseded by NMSA 1978, Civ.App.Rule 3(a).

Since defendants did not appeal to this Court within the period allowed by NMSA 1978, Civ.App.Rule 3(a), this Court does not have jurisdiction to determine the merits of the appeal. *State v. Arnold.*

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.