709 P.2d 1024

**R. Alonzo MONTANO and Margaret Montano, his wife, Petitioners,**

v.

**Honorable Art ENCINIAS, Respondent.**

**No. 16029.**

Supreme Court of New Mexico.

Nov. 22, 1985.

Michael C. DeBaca, Albuquerque, for petitioners.

Thomas J. Cruse, Los Alamos, for real party in interest.

## OPINION

WALTERS, Justice.

On September 18, 1985 we issued an alternative writ prohibiting Respondent from further. proceeding to enforce a judgment in Los Alamos County District Court Cause No. LA 84-129(c). On October 22, 1985, the writ was made permanent.

Our decision to issue the permanent writ came upon the undisputed showing that a judgment, not signed by defendant's counsel, was entered in the stated cause by the district judge without notice to either party. Upon defendant's learning of the entry of judgment, the time for appeal had expired and the district court denied defendant's motion for an extension of time within which to file findings, and for relief from the judgment to permit filing of a notice of appeal. The court's letter denying the motion declared that "no statute, rule of procedure or local rule * * * requires that notice of the entry of a judgment be given to a party," and that counsel had, an "affirmative obligation to keep informed of activity occurring in the file."

The trial court was mistaken. NMSA 1978, Section 39-1-2, provides that when judgment is not rendered at the time of any hearing, no order or judgment *"pertaining to such hearing* shall be entered *until notice* of the same *shall have been given* to the attorneys for the respective parties." (Our emphasis.) We have held repeatedly that oral decisions announced by the judge from the bench are not "judgments" as would inalterably reflect the court's decision, or would trigger any appellate or limitation time activity thereafter; that only a written judgment entered in the court record would have such efficacy. *See, e.g., Chapman v. Jesco, Inc.,* 98 N.M. 707, 652 P.2d 257 (Ct.App.1982); *Balboa Const. Co. v. Golden,* 97 N.M. 299, 639 P.2d 586 (Ct. App.1981). Consequently, and as a more-often-than-not reality, most matters are "taken under advisement" (*see* § 39-1-2) following a hearing because a final written judgment rarely is prepared and ready for signing at the time an oral decision is rendered.

Aside from Section 39–1–2, the standard practice in this jurisdiction always has been to require the attorney who prepares the judgment to obtain the signature of opposing counsel on the proposed judgment before it is submitted to the judge for signing. If counsel's signature cannot be obtained, notice that the order or judgment will be presented at a designated time is a common and appropriate alternate procedure. If the attorney obtains the judge's signature after either of the above preliminaries have been observed, it normally is his obligation under local rules to forward a conformed copy of the judgment or order to opposing counsel. If the document is left with the judge to sign and file, the statute then imposes the obligation on the court to notify all counsel of record of the court's intention to enter judgment. Ordinarily, the clerk of the court or the judge's secretary will mail copies of the filed document to counsel of record if filing is made by the signing judge.

But whether required by statute or local rule, the purpose of notice is to discourage sharp practice and to prevent situations such as occurred in this case. Nothing insists that the practice of law must be purposely onerous for those engaged in it. Common courtesy among practitioners, and between the courts and lawyers, in keeping each other informed, obviates the necessity of any attorney inquiring daily, at his peril, whether or not final action has been taken in any matter.

■ In any event, we direct that judgments or orders in New Mexico shall not be entered in the court record in anonymity. If such a document does not indicate by counsel's signatures that all parties affected have seen it before it is presented for the judge's signature, the judge shall be satisfied by proof of service that notice of presentation has been given to attorneys for all parties. Whoever files the order or judgment shall forthwith provide all other parties with a copy showing the date of filing.

■ The respondent is directed to set aside the judgment or judgments entered in the underlying cause and to enter a new judgment therein upon notice to all parties.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, J., concur.