838 P.2d 968

**Ben BRONSTEIN and Village Inn Pancake House of Albuquerque, Inc., Plaintiffs–Appellees,**

v.

**William E. BIAVA, Defendant–Appellant.**

**No. 19441.**

Supreme Court of New Mexico.

Aug. 28, 1992.

Marchiondo, Vigil & Voegler, Michael E. Vigil, Albuquerque, for appellant.

Keleher & McLeod, Patricia A. Bradley, Albuquerque, for appellees.

## OPINION

FROST, Justice.

The Appellant, William Biava, appeals from a summary judgment in the trial court. The critical issue to be decided is whether SCRA 1986, 1–010(C) (Repl.Pamp.1992), authorized Biava to incorporate by reference pleadings from a separate case into his pleadings in the case at bar. We hold that Rule 1–010(C) does not authorize this practice. Accordingly, we affirm the summary judgment.

The dispute concerns a promissory note executed by Biava in favor of Ben Bronstein, one of the Appellees. Biava defaulted on the note and the Appellees brought suit. In his answer, Biava admitted his execution of the note and that he had not paid it according to its terms. Biava urges, however, that based upon his affidavit filed in opposition to the motion for summary judgment, there were genuine issues of fact with regard to his affirmative defenses and counterclaims of fraud and negligent misrepresentation. Therefore, he claims the summary judgment was improperly granted. In that part of his answer entitled "Affirmative Defenses; Counterclaims," Biava attempted to incorporate "by reference as if fully set forth, pursuant to the provisions of SCRA 1986, 1–010(C), those affirmative defenses and counterclaims which *will be set forth* in that matter entitled, *Bronstein v. Biava,* Bernalillo County No. CV–89–00285." (Emphasis added.)

Soon after, Biava moved the court to consolidate this case with case number CV–89–00285. The Appellees opposed the motion to consolidate and moved the court to strike the affirmative defenses and counterclaims, asserting that they had not been properly pled. At a hearing on June 30, 1989 the court verbally denied the motion to consolidate and granted the motion to strike the counterclaims and affirmative defenses. A formal written order reflecting these rulings was never entered. Nevertheless, the Appellees' Motion for Summary Judgment relied on the assumption that the affirmative defenses and counterclaims were stricken and that without these defenses there would be no genuine issue of material fact.

■ To preserve a question for review, an appellant must invoke "a ruling or decision by the district court." SCRA 1986, 12–216 (Repl.Pamp.1992). An oral announcement or decision by a judge from the bench does not come within this definition. *Montano v. Encinias,* 103 N.M. 515, 709 P.2d 1024 (1985). To allow review, an order or judgment must be a written document executed by the judge and entered in the court record. *Id.* Because the trial court's order to strike the affirmative defenses and counterclaims was not formally entered, we are unable to review it. We must independently determine whether the affirmative defenses were properly pled.

We conclude that the affirmative defenses of fraud and negligent misrepresentation were not properly before the court. Rule 1–010(C) provides:

C. Adoption by reference; exhibits. Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

Although Rule 1–010(C) does authorize the incorporation of pleadings by reference, it does not negate the basic requirement that sufficient notice be given by the pleadings. Under our Rules of Civil Procedure a basic purpose of pleading is to give opposing parties fair notice of the claims and defenses against them and the grounds upon which they are based. *Schmitz v. Smentowski*, 109 N.M. 386, 389, 785 P.2d 726, 729 (1990). An opposing party should not be required to search for allegations regarding claims or defenses in an unattached document which may or may not exist in another case. To allow this sort of broad reference by incorporation could easily lead to confusion. Indeed, in this case, the colloquy engaged in by the court and counsel during the hearing on the motion to strike reflects just such confusion, including uncertainty as to which judge was assigned to handle case number CV–89–00285. Under these circumstances, searching out a previously filed case to ascertain allegations or defenses would be unnecessarily burdensome to the responding party.

The burden of searching for vaguely referenced allegations of conduct should not fall on the responding party when the pleader easily could have included the detailed allegations in his or her pleadings. Federal case law interpreting the equivalent Federal Rule of Civil Procedure 10(c) agrees with this result. In *Shelter Mutual Insurance Co. v. Public Water Supply District No. 7*, 747 F.2d 1195 (8th Cir.1984), the court found that the appellant's attempt to incorporate thirty-six unattached pages of allegations from a co-appellant's pleadings failed to give adequate notice as to which allegations were to be adopted. Similarly, in *Samuels v. Wilder*, 871 F.2d 1346 (7th Cir.1989), the court found that the appellant's vague allusions to depositions in his complaint were insufficient notice as to matters buried in those depositions.

Because the attempted incorporation was ineffective, we must examine the pleadings without the benefit of the incorporation. When examined on their face, the pleadings fail under SCRA 1986, 1–009(B) (Repl.Pamp.1992). Rule 1–009(B) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Biava's answer mentions nothing about fraud or negligent misrepresentation that he apparently intended to bring into issue. We first learn of this presumed intention from the allegations of fraud in his Response to Motion for Summary Judgment. Clearly, this does not meet the requirement of pleading fraud with particularity.

It is also well established that if an affirmative defense is not pleaded or otherwise properly raised, it is waived. *Xorbox v. Naturita Supply Co.*, 101 N.M. 337, 339, 681 P.2d 1114, 1116 (1984). The issues of fraud and negligent misrepresentation were not properly pled, and therefore were not before the court. *Id.* Thus, the only relevant facts before the trial court were that Biava admitted executing and defaulting on the note. A grant of summary judgment is proper if there are no genuine issues as to the material facts and the movant is entitled to judgment as a matter of law. SCRA 1986, 1–056(C) (Repl.Pamp.1992); *Westgate Families v. County Clerk of Los Alamos*, 100 N.M. 146, 148, 667 P.2d 453, 455 (1983). There was no genuine issue of material fact, and the court properly applied the law. We affirm the summary judgment in favor of the Appellees.

IT IS SO ORDERED.

MONTGOMERY and FRANCHINI, JJ., concur.