This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JESUS LUIS RAMIREZ and**
**EDUVUES RAMIREZ,**

Plaintiffs-Appellees,

v.                                                                              **NO. 32,646**

**LETICIA NIETO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Terrence Sanchez, District Judge**

Bryan Collopy
Hobbs, NM

for Appellees

The Sawyers Law Group
James W. Klipstine, Jr.
Hobbs, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant seeks to appeal from a judgment restoring possession of certain real property to Plaintiffs. We issued a notice of proposed summary disposition, proposing to dismiss on grounds that notice of appeal was not filed in a timely fashion. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we dismiss the appeal.

As we previously observed in the notice of proposed summary disposition, the timely filing of notice of appeal with the district court is a mandatory precondition to the exercise of jurisdiction and, consequently, we do not ordinarily entertain an appeal in the absence of duly filed notice. *See Garcia v. State*, 2010-NMSC-023, ¶ 25, 148 N.M. 414, 237 P.3d 716; *Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). In this case, Defendant filed roughly four weeks after the applicable deadline had passed. [RP 70, 73] *See generally* Rule 12-201(A)(2) NMRA. Although Defendant subsequently filed a motion for extension of time, the district court failed to act on the motion, and the time for so doing has long since elapsed. *See* Rule 12-201(E)(2)-(4). As a result, it is clear that Defendant's notice of appeal was not timely filed.

Defendant does not dispute the foregoing. Instead, she renews her argument that exceptional circumstances exist that should excuse her failure to timely file notice of appeal. In this regard, Defendant claims that she was unaware that the judgment

had been entered because opposing counsel failed to submit the judgment to her for her prior approval. [MIO 2-4]

As we previously noted, a similar lack-of-notice argument was rejected by the New Mexico Supreme Court in *Maples v. State*, 110 N.M. 34, 37, 791 P.2d 788, 791 (1990). In this case, as in *Maples*, Defendant had advance notice of the district court's decision. [RP 66-69] Under the circumstances, she could have filed an immediate appeal after receiving the letter decision. Contrary to Defendant's assertion, [MIO 3] such an early filing would have conformed with our Rules of Appellate Procedure. *See* Rule 12-201(A) ("A notice of appeal filed after the announcement of a decision . . . but before the judgment or order is filed in the district court clerk's office shall be treated as filed after such filing and on the day thereof."); *see also Maples*, 110 N.M. at 35, 791 P.2d at 789 (same). Alternatively, Defendant could have made inquiries with the district court and/or opposing counsel in order to ensure that notice of appeal was timely filed. *See Maples*, 110 N.M. 35-36, 791 P.2d at 789-90. Defendant's simple assertion that she should not have been required to make such inquiry is unconvincing. [MIO 4] Therefore, applying the same rationale articulated in *Maples*, we decline to ascribe Defendant's failure to timely file notice of appeal to circumstances beyond her control.

We also remain unpersuaded that *Trujillo v. Serrano*, 117 N.M. 273, 871 P.2d 369 (1994), is applicable. As we previously observed, unlike the appellant in *Trujillo*,

in this case, Defendant was aware of the district court's ruling well in advance of the deadline for filing notice of appeal.  Moreover, we reject Defendant's invitation to equate the entry of the judgment with judicial error.  [MIO 4]

Accordingly, for the reasons stated above and in the notice of proposed summary disposition, the appeal is dismissed.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**

4