This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BOBBIE J. McMULLIN, JR.,**

Plaintiff-Appellant,

v. NO. 34,691

**E. BRAVO, WARDEN GCCF**
**GEO CORPORATION GROUP,**
**INC., NEW MEXICO CORRECTIONS**
**DEPARTMENT, CORIZON, PHARM**
**CORR., DOCTOR REED (GCCF),**
**NURSE K. ALLEN (GCCF),**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Matthew J. Sandoval, District Judge**

Bobbie J. McMullin, Jr.
Clayton, NM

Pro Se Appellant

Megan L. Jahner
Albuquerque, NM

for Appellees E. Bravo and Geo Corporation Group, Inc.

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Plaintiff, a self-represented litigant, seeks to appeal from the district court's order granting summary judgment in favor of Defendant, GEO Group, Inc. We issued a notice of proposed summary disposition, proposing to dismiss on grounds that the notice of appeal was not filed in a timely fashion. Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we dismiss the appeal.

{2}     As we previously observed in our calendar notice, the timely filing of notice of appeal with the district court is a mandatory precondition to the exercise of jurisdiction, and consequently, we do not ordinarily entertain an appeal in the absence of duly filed notice. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94; *see also Trujillo v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d 369 (reaffirming that the timely filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal). In this case, Plaintiff filed his notice of appeal approximately two and a half months after the applicable deadline had passed. [2 RP 283, 294] *See* Rule 12-201(A)(2) NMRA (stating that a notice of appeal must be filed with the district court within thirty days after the entry of a final order). As a result, it is clear that Plaintiff's notice of appeal was not timely filed.

{3}     Plaintiff does not dispute the foregoing. Instead, he argues in his memorandum in opposition that exceptional circumstances exist which should excuse his failure to

timely file notice of appeal. [MIO 9-10] *See Trujillo*, 1994-NMSC-024, ¶ 19 ("Only the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects."). In this regard, Plaintiff claims that he "never received any official notice of the court's ruling in this matter." [MIO 7]

{4} A similar lack-of-notice argument was rejected by the New Mexico Supreme Court in *Maples v. State*, 1990-NMSC-042, ¶ 12, 110 N.M. 34, 791 P.2d 788. We note that in the present case, as in *Maples*, Plaintiff had advance notice of the district court's decision. Specifically, Plaintiff was present by telephone and participated in a telephonic hearing on Defendant's motion for summary judgment. [2 RP 278-80] At the conclusion of the hearing, the district court ruled in favor of Defendant, granted the motion for summary judgment, and instructed Defendant's counsel to prepare an order memorializing the decision. [2 RP 280] Under these circumstances, Plaintiff could have filed an immediate appeal. Such an early filing would have conformed with our Rules of Appellate Procedure. *See* Rule 12-201(A) ("A notice of appeal filed after the announcement of a decision . . . but before the judgment or order is filed in the district court clerk's office shall be treated as filed after such filing and on the day thereof."); *Maples*, 1990-NMSC-042, ¶ 6. Alternatively, Plaintiff could have made inquiries with the district court and/or opposing counsel in order to ensure that notice

3

of appeal was timely filed. *See id.* It does not appear that Plaintiff took any of these actions; instead, he asserts that he "wait[ed] an approximately appropriate amount of time for proper notification" before filing his notice of appeal. [MIO 7] Applying the same rationale articulated in *Maples*, we decline to ascribe Plaintiff's failure to timely file notice of appeal to circumstances beyond his control.

**{5}** Similarly, Plaintiff's claimed lack of knowledge of the rules of procedure [MIO 6] do not constitute exceptional circumstances. *See Trujillo*, 1994-NMSC-024, ¶ 19 ("Counsel should not rely on the court's munificence when filing notices of appeal. It is incumbent upon the parties to strictly adhere to our clearly articulated rules of procedure."); *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 30, 145 N.M. 533, 202 P.3d 126 ("Pro se litigants must comply with the rules and orders of [this C]ourt and will not be treated differently than litigants with counsel.").

**{6}** Finally, we note that Plaintiff, presently incarcerated, generally asserts that he has "[n]o access to libraries, dictionaries, [and] phones" and appears to ascribe blame to this circumstance for his failure to file a timely notice of appeal. [MIO 3] We observe, however, that the record before us contains no factual findings regarding Plaintiff's access to a legal library or phone. Further, we note that Plaintiff also asserts that he does not have access to "even . . . another inmate to barrow [sic] a pen or paper from." [MIO 3] Yet, the very memorandum in opposition in which this allegation is

4

presented is handwritten, in pen. [*See generally* MIO 1-11] Thus, without a developed factual record and legal argument, we will not address Plaintiff's general assertions. *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, the appeal is dismissed.

{8}     **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief  Judge**

**MICHAEL D. BUSTAMANTE, Judge**