This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38197

**U.S. BANK NATIONAL ASSOCIATION,
as Trustee for C-BASS 2007-SP1
TRUST, MORTGAGE LOAN ASSET-
BACKED CERTIFICATES, SERIES
2007-SP1,**

       Plaintiff-Appellee,

v.

**GURNAM K. KHALSA,**

       Defendant-Appellant,

and

**MUKHTIAR S. KHALSA; JP
MORGAN CHASE BANK, N.A.;
and UNKNOWN TENANTS,
real names unknown,**

       Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Raymond Z. Ortiz, District Judge**

Allen Law Firm, LLC
Kerri L. Allensworth
Lindsay K. Griffell
Albuquerque, NM

for Appellee

Gurnam K. Khalsa
Santa Cruz, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals the denial of her Rule 1-060(B)(4) NMRA motion for relief of judgment, contending that the previous order granting summary judgment to Plaintiff is void, pursuant to Rule LR 1-114(B) NMRA and NMSA 1978, Section 39-1-2 (1897). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Defendant continues to argue that the district court's order granting summary judgment to Plaintiff is void for lack of notice prior to entry of the judgment. [MIO 7, 9]  Defendant has not asserted any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis therein.

**{3}** To the extent Defendant contends that *Hiatt v. Keil*, No. 9097, 1986 N.M. App. LEXIS 630 (N.M. Ct. App. Apr. 29, 1986), requires reversal of the district court, we disagree. In *Hiatt*, this Court concluded that a judgment was entered in violation of Section 39-1-2 when it was entered before Defendant had any notice or opportunity to review the order. As explained in the calendar notice, Defendant is not in this situation because she admits that she indeed did have notice of the judgment prior to entry of the judgment in the form of an email dated Tuesday, December 26, 2017. [MIO 8] The order granting summary judgment was entered on Friday, December 29, 2017. [MIO 8] For these reasons, we conclude that the district court did not err in concluding that the entry of its summary judgment order did not violate the notice provision of Section 39-1-2. *See Maples v. State*, 1990-NMSC-042, ¶ 12, 110 N.M. 34, 791 P.2d 788 (applying the principles of Section 39-1-2 and concluding that the petitioner had adequate notice even though she never received a copy of the order prior to its entry where the party was present at two hearings where the ruling was orally announced).

**{4}** Additionally, to the extent Defendant asserts her due process rights were violated by the alleged deficiency in notice prior to the entry of summary judgment, any such claim fails because she has not demonstrated any resulting prejudice considering that she indeed had notice of the judgment prior to its entry. *See State v. Guerra*, 2012-

NMSC-027, ¶ 30, 284 P.3d 1076 (recognizing that in the absence of demonstrating harm done by alleged errors, there is no due process violation).

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we summarily affirm.

**{6}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**