773 P.2d 363

**Constantine TZORTZIS,**
**Claimant–Appellee,**

v.

**COUNTY OF LOS ALAMOS, and the**
**New Mexico Self–Insurer's Fund,**
**Respondents–Appellants.**

No. 11297.

Court of Appeals of New Mexico.

April 18, 1989.

Alexis H. Johnson, Sutin, Thayer & Browne, P.C., Santa Fe, for respondents-appellants.

Matthew L. Chacon, Espanola, for claimant-appellee.

## OPINION

HARTZ, Judge.

Claimant has moved to dismiss respondents' appeal from a final disposition order of the Workmen's Compensation Administration dated January 18, 1989. Claimant contends that the notice of appeal filed with this court on February 21, 1989, was untimely. We agree.

Respondents rely on NMSA 1978, Section 52–5–8(A) (Repl.Pamp.1987), which reads: "Any party in interest may, within thirty days of *mailing* of the final order of the hearing officer, file a notice of appeal with the court of appeals." (Emphasis added.) On the other hand, SCRA 1986, 12–601(A) provides in pertinent part: "Notwithstanding any other provision of law, direct appeals from orders, decisions or actions of boards, commissions, administrative agencies or officials shall be taken by filing a notice of appeal * * * within thirty (30) days from the *date* of the order, decision or action appealed from." (Emphasis added.) When a statute governing the time for appeal conflicts with a supreme court rule, the rule governs. *See American Auto. Ass'n v. State Corp. Comm'n,* 102 N.M. 527, 697 P.2d 946 (1985); *James*

*v. New Mexico Human Servs. Dep't, Income Support Div.,* 106 N.M. 318, 742 P.2d 530 (Ct.App.1987).

Respondents could have sought an extension of time from this court pursuant to SCRA 1986, 12–201(E)(2) and –601(B), but the time for such a request has expired. *See* SCRA 1986, 12–201(E)(4). It is there-fore ordered that claimant-appellee's motion is granted and the appeal is dismissed.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., concur.