**Certiorari Denied, October 17, 2013, No. 34,328**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2013-NMCA-103**

**Filing Date: August 19, 2013**

**Docket No. 31,942**

**MARSHALL MASSENGILL,**

 **Worker-Appellee,**

**v.**

**FISHER SAND & GRAVEL COMPANY**
**and ZURICH AMERICAN INSURANCE,**

 **Employer/Insurer-Appellants.**

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Terry Kramer, Workers' Compensation Judge**

James Rawley
Albuquerque, NM

for Appellee

Hale & Dixon, P.C.
Timothy S. Hale
Paulette J. Dixon
Albuquerque, NM

for Appellants

**OPINION**

**VIGIL, Judge.**

**{1}** The primary issue in this workers' compensation case is whether post-judgment interest begins to accrue on the date that an order is filed awarding a partial lump-sum payment or thirty days later. Concluding that interest begins to accrue on the date the award is filed, and rejecting Employer's remaining arguments, we affirm.

1

## I. BACKGROUND

**{2}** While Worker's complaint for compensation benefits was pending, Worker filed a petition for a partial lump-sum payment. *See* NMSA 1978, § 52-5-12(C) (2009) ("After maximum medical improvement and with the approval of the workers' compensation judge, a worker may elect to receive a partial lump-sum payment of workers' compensation benefits for the sole purpose of paying debts that may have accumulated during the course of the injured or disabled worker's disability."). Worker had reached maximum medical improvement (MMI), and he was receiving permanent partial disability (PPD), but a final determination of his PPD benefits had not yet been made.

**{3}** On December 30, 2011, the workers' compensation judge (WCJ) entered an order granting Worker's petition and awarded Worker a partial lump-sum payment of $23,150. Worker received a check from Employer/Insurer (hereinafter Employer) for the amount due on the partial lump-sum award on January 26, 2012. As a result of the delay, Worker filed an application for a supplementary compensation order, requesting post-judgment interest on the partial lump-sum award and other relief not pertinent here. The WCJ awarded Worker post-judgment interest commencing when the order for the partial lump-sum amount was filed and ending when Employer tendered the payment. Employer appeals.

**{4}** Employer contends that the WCJ erred when it awarded interest on the partial lump-sum payment as of the date the order was filed. Employer makes four arguments: (1) the order for payment of a partial lump-sum award was not operative until thirty days after it was filed; (2) an order for payment of a partial lump sum is not a final order to which post-judgment interest attaches; (3) the time fixed for payment of a partial lump-sum amount is not the date the compensation order is filed; and (4) awarding post-judgment interest on a partial lump-sum payment is inequitable. We are unpersuaded and affirm.

## II. ANALYSIS

**{5}** NMSA 1978, Section 56-8-4(A) (2004) directs that "[i]nterest shall be allowed on judgments and decrees for the payment of money from entry and shall be calculated at the rate of eight and three-fourths percent per year," and we have held that an award of post-judgment interest on a workers' compensation order under Section 56-8-4(A) is mandatory. *Martinez v. Pojoaque Gaming, Inc.*, 2011-NMCA-103, ¶ 24, 150 N.M. 629, 264 P.3d 725, *cert. denied*, 2011-NMCERT-009, 269 P.3d 903. Employer's arguments that Section 56-8-4(A) does not apply to the order for a partial lump-sum payment in this case require us to engage in statutory interpretation.

**{6}** Statutory interpretation is a question of law which is reviewed de novo. *Att'y Gen. v. N.M. Pub. Regulation Comm'n*, 2011-NMSC-034, ¶ 10, 150 N.M. 174, 258 P.3d 453. We look first to the plain meaning of the statute's words, and we construe the provisions of the Workers' Compensation Act (the Act) together to produce a harmonious whole. *Grine v. Peabody Natural Res.*, 2006-NMSC-031, ¶ 17, 140 N.M. 30, 139 P.3d 190. If we are unable

2

to definitively interpret the statute by a simple consideration of the statutory language, we may consider principles of statutory construction to "construe a statute according to its obvious spirit or reason." *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 29, 146 N.M. 453, 212 P.3d 341 (internal quotation marks and citation omitted). We now turn to Employer's specific arguments.

## A.      Effective Date of the Order

**{7}**      Employer asserts that a compensation order under the Act is not operative until thirty days after it is mailed to the parties. Therefore, Employer contends, the WCJ erred in awarding interest from the date the order awarding a partial lump-sum payment was filed. We disagree.

**{8}**      In asserting that the order was not effective until thirty days after it was mailed, Employer relies upon NMSA 1978, Section 52-5-7(C) (1993) of the Act. This statute provides:

> The decision of the workers' compensation judge shall be final and conclusive as to all matters adjudicated by him upon the expiration of the thirtieth day after a copy of the decision has been mailed to the parties, unless prior to that day a party in interest seeks judicial review of the decision pursuant to Section 52-5-8 NMSA 1978.

While the statute does not expressly so state, Employer argues that it is designed to provide for a period of thirty days to make a payment ordered by the WCJ without penalty, including interest. However, the plain language of the statute belies Employer's interpretation. If it was the intent of the Legislature to implicitly grant a grace period of thirty days to make a payment ordered by the WCJ, the statute would not also expressly state that the thirty-day grace period terminates with the filing of a notice of appeal.

**{9}**      Contrary to Employer's arguments, we conclude that Section 52-5-7(C) means that the decision of the WCJ "shall be final and conclusive as to all matters adjudicated" by the WCJ thirty days after the decision is filed unless an appeal is taken "pursuant to Section 52-5-8." In arriving at this conclusion, we construe the word "mailed" in the statute to mean "filed." We do so because of its reference to Section 52-5-8.

**{10}**      The Act states in Section 52-5-8(A) that "[a]ny party in interest may, within thirty days of mailing of the final order of the workers' compensation judge, file a notice of appeal with the court of appeals." The statute also states that "[a] decision of a workers' compensation judge is reviewable by the court of appeals in the manner provided for other cases[.]" Section 52-5-8(B). In *Maples v. State*, 1990-NMSC-042, ¶¶ 8-10, 110 N.M. 34, 791 P.2d 788, our Supreme Court noted a possible conflict between Section 52-5-8(A) and Rule 12-601 NMRA (2007) in that the statute provides for an appeal within thirty days of the mailing of an order, and the rule provides for an appeal within thirty days of the filing

of an order. The Court held that Rule 12-601 takes precedence over any conflict with Section 52-5-8. *Maples*, 1990-NMSC-042, ¶ 10; *see Tzortzis v. Cnty. of Los Alamos*, 1989-NMCA-031, ¶ 2, 108 N.M. 418, 773 P.2d 363 (holding that "[w]hen a statute governing the time for appeal conflicts with a supreme court rule, the rule governs").

**{11}** Section 52-5-7(C) and Section 52-5-8(A) were both enacted at the same time in the same bill. 1986 N.M. Laws, ch. 22, §§ 33, 34.[1] Reading these statutes together, we conclude that the Legislature's intent was to express in Section 52-5-7(C) that the decision of the WCJ is "final and conclusive" as to all matters adjudicated by the WCJ after the time for appealing has expired and that the Legislature expressed its intent in Section 52-5-8(A) that the time for appealing expires within thirty days. In keeping with *Maples*, and construing the statutes in harmony with each other, we hold that the Legislature's intention is expressed by construing "mailed" in Section 52-5-7(C) to mean "filed."

**{12}** Employer also asks us to consider the effect of NMSA 1978, Section 52-5-10(A) (1990) as to when interest begins to accrue on a WCJ order awarding a partial lump-sum payment under the Act. In pertinent part, Section 52-5-10(A) provides that where there is a default in payment of compensation due under the Act, the person owed the payment may "make application [to the director of the Workers' Compensation Administration (WCA)] for a supplementary compensation order declaring the amount of compensation in default" provided it is filed "after the thirtieth day" on which the payment was due, and "before the lapse of one year from that due date[.]" *Id.* Section 52-5-10(B) sets forth remedies that then become available in the district court to correct the default. Section 52-5-10(A) has no bearing on when interest begins to accrue on an order under the Act, and we reject Employer's suggestion that it has any applicability to the issue before us here.

**B.      Award of a Partial Lump Sum as a "Final Order"**

**{13}** Employer argues that post-judgment interest is only allowed on a "final order" under Section 56-8-4(A). From this premise, Employer contends that because Worker's PPD benefits still had to be determined, the partial lump-sum award is not a "final order" and the award of interest must be reversed. We agree with Employer that post-judgment interest is only allowed on a "final order" but we disagree with Employer's assertion that the order awarding a partial lump-sum payment does not constitute a "final order."

**{14}** Prior to *Sanchez v. Siemens Transmission Systems*, 1991-NMCA-028, 112 N.M. 236, 814 P.2d 104, *rev'd on other grounds*, 1991-NMSC-093, 112 N.M. 533, 817 P.2d 726, workers' compensation cases were decided in district court, but with passage of the Act, workers' compensation cases were moved to the WCA and decided by a workers' compensation judge. *Id.* ¶ 50. In *Sanchez* we were presented with the question of whether

---

[1]In 1989, Section 52-5-8(A) was amended to substitute "workers' compensation judge" for "hearing officer." 1989 N.M. Laws, ch. 263, § 7.

4

a compensation order made by a WCJ under the Act earns interest under Section 56-8-4. *Sanchez*, 1991-NMCA-028, ¶ 49. We saw "no reason why the same rationale for allowing post-judgment interest in workers' compensation cases in district courts would not apply to administrative decisions evolving from the WCA[,]" and "[w]hether a final decision evolves from the district court or from the WCA is not a valid distinction[.]" *Id.* ¶¶ 54-55. Thus, we held that "there is a legislative intent to apply Section 56-8-4 to final compensation orders." *Sanchez*, 1991-NMCA-028, ¶ 54. We therefore must address whether the partial lump-sum award in this case constitutes a "final order" or "final decision," which properly earns post-judgment interest under Section 56-8-4(A).

**{15}**     We begin by analyzing the nature of an award for a partial lump-sum. "It is stated policy for the administration of the Workers' Compensation Act . . . that it is in the best interest of the injured worker or disabled employee that the worker or employee receive benefit payments on a periodic basis." Section 52-5-12(A). However, "[a]fter maximum medical improvement and with the approval of the workers' compensation judge, a worker may elect to receive a partial lump-sum payment of workers' compensation benefits for the sole purpose of paying debts that may have accumulated during the course of the injured or disabled worker's disability." Section 52-5-12(C). Section 52-5-12(C) "deals with the exceptional case when a lump-sum payment, rather than periodic payment, may be necessary to avoid extreme hardship" such that "the purpose of such a payment is need, rather than convenience[.]" *Cabazos v. Calloway Constr.*, 1994-NMCA-091, ¶ 13, 118 N.M. 198, 879 P.2d 1217.

**{16}**     We are not convinced that Worker's outstanding final determination of PPD benefits makes the order granting the partial lump-sum award a non-final judgment. In *Kelly Inn No. 102, Inc. v. Kapnison*, our Supreme Court said, "Where a judgment declares the rights and liabilities of the parties to the underlying controversy, a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein." 1992-NMSC-005, ¶ 21, 113 N.M. 231, 824 P.2d 1033. In a workers' compensation case, our Supreme Court explained the rationale for *Kelly Inn*.

> [T]he term "finality" is to be given a practical, rather than a technical, construction to satisfy the policies of facilitating meaningful appellate review and of achieving judicial efficiency. These policies may be served by appeals from judgments declaring the rights and liabilities of the parties to the underlying controversy when resolution of supplemental questions will not alter the judgment or moot or revise decisions embodied therein.

*Trujillo v. Hilton of Santa Fe*, 1993-NMSC-017, ¶ 3, 115 N.M. 397, 851 P.2d 1064. The Supreme Court added that "[i]ssues 'collateral to' and 'separate from' the decision on the merits fall within a twilight zone of similarity to proceedings that carry out or give effect to the judgment." *Id.* As to issues falling in this "twilight zone," the Court said: "[A] party should be allowed to choose the appropriate time for appeal, guided by considerations in the

trial court that impact on meaningful and efficient appellate review." *Id.* ¶ 5.

**{17}** Applying the foregoing principles, we conclude that the pending decision on Worker's unresolved PPD benefits does not render the partial lump-sum award a non-final decision. Employer does not contest the propriety of the lump-sum award, nothing more needs to be determined in relation to the lump-sum award, and Employer makes no argument that the ultimate award of PPD benefits will have any effect on the lump-sum award. Moreover, we note that Section 56-8-4(A) provides for the payment of post-judgment interest on "judgments and decrees for the payment of money from entry." The order approving the partial lump-sum amount has decretal language indicating that it is a judgment for the payment of money and Employer makes no argument suggesting otherwise. For the foregoing reasons, we reject Employer's argument that the partial lump-sum award is not a "final order," which accrues post-judgment interest under Section 56-8-4(A).

## C.    Date Fixed for Payment

**{18}** Employer argues that because a partial lump-sum award is an acceleration of future periodic payments of compensation benefits, the time fixed for payment is the date each of the periodic payments would otherwise have been due. Thus, Employer asserts, interest did not commence upon the filing of the order, but commences on each payment as it would have been otherwise due. *See Mares v. Valencia Cnty. Sheriff's Dep't*, 1988-NMCA-003, ¶ 35, 106 N.M. 744, 749 P.2d 1123 ("[A]ny award of post[-]judgment interest . . . does not commence to run upon unaccrued compensation benefits until the time fixed for its payment."). We disagree. A lump-sum award *replaces* periodic payments with a discounted lump-sum amount and, as we have already discussed, the due date for payment of the partial lump sum is the date the order is filed approving the partial lump-sum award.

## D.    Order for Interest as Inequitable

**{19}** We are also not persuaded by Employer's final argument that the award of post-judgment interest was inequitable because it punishes Employer for not having payment ready on the date of entry for money that Worker is not yet entitled to. We reject Employer's argument.

**{20}** Section 56-8-4(A) expressly directs that interest "shall be allowed" on a judgment or decree for the payment of money "from entry." Thus, our Legislature has expressly declared that all such judgments and decrees shall earn interest from the date of filing, and no exception is stated for workers' compensation cases. Moreover, since at least 1968, our Supreme Court has declared that "interest is compensation allowed by law . . . for the use of money belonging to another." *Bank of N.M. v. Earl Rice Constr. Co.*, 1968-NMSC-076, ¶ 6, 79 N.M. 115, 440 P.2d 790. We have similarly observed in *Folz v. State*, 1993-NMCA-066, ¶ 10, 115 N.M. 639, 857 P.2d 39, that "[p]ost-judgment interest is intended to prevent the inequity of denying the prevailing party the cost of the lost opportunity of using the money that the judgment debtor had use of during the pendency of the appeal." We see no

6

reason why the equities in a workers' compensation case should differ from any other case.

**III.    CONCLUSION**

**{21}**    The order of the workers' compensation judge is affirmed.

**{22}    IT IS SO ORDERED.**

 

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index for _Massengill v. Fisher Sand & Gravel Co._, No. 31,942**

**CIVIL PROCEDURE**
Final Order

**JUDGMENT**
Interest

**REMEDIES**
Equity

**WORKERS' COMPENSATION**
Lump Sum Payment

**STATUTES**
Interpretation
Rules of Construction