This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOAQUEN PEQUENO,**

Worker-Appellant,

v.                                                                          **NO. 35,395**

**LOWE'S HOME CENTERS, INC. and SEDGWICK CLAIMS MANAGEMENT SERVICES,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION Leonard J. Padilla, Workers' Compensation Judge**

Eaton & Eaton Law, P.C.
Kathryn L. Eaton
Los Ranchos de Albuquerque, NM

for Appellant

Allen, Shepherd, Lewis & Syra, P.A.
Kimberly A. Syra
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}    Joaquen Pequeno (Worker) appeals from a compensation order, entered and mailed on January 27, 2016. We issued a notice of proposed summary disposition in which we proposed to dismiss. Employer/Insurer-Appellees filed a timely memorandum in support of our proposed dismissal, and Worker filed a timely memorandum in opposition. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

{2}    In our calendar notice, we proposed to dismiss based on an untimely notice of appeal. [*See generally* CN] *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (explaining that time and place of filing notice of appeal is a mandatory precondition to appellate jurisdiction); *Rice v. Gonzales*, 1968-NMSC-125, ¶ 4, 79 N.M. 377, 444 P.2d 288 (stating that "an appellate court has the duty to determine whether it has jurisdiction of an appeal"). We stated that while we may exercise our discretion to consider an untimely appeal in the event of unusual circumstances beyond the control of a party, *see Trujillo v. Serrano*, 1994-NMSC-024, ¶ 15, 117 N.M. 273, 871 P.2d 369, no such circumstances appear to be present in this case. [CN 3] We explained that, to be timely, the notice of appeal should have been filed with this Court on or before February 26, 2016; however, the notice was untimely filed on February 29, 2016. [CN 2] *See* NMSA 1978, § 52-5-8(A) (1989)

("Any party in interest may, within thirty days of mailing of the final order of the workers' compensation judge, file a notice of appeal with the [C]ourt of [A]ppeals."); Rule 12-601(B) NMRA (requiring a notice of appeal from orders of administrative agencies to be filed in this Court "within thirty (30) days from the date of the order . . . appealed from").

{3}     In response, Worker argues that the statute and rule are inconsistent because "[t]he date on which a final order of the workers' compensation judge is mailed, or received by the parties in the mail, may differ from the date of filing of the order appealed from." [MIO 2] He claims that "[b]ecause of the uncertainty and confusion created by the discrepancy between the statute and the court rule, [he] filed his notice of appeal within thirty (30) days from the date that the Compensation Order was received in the mail, i.e., within thirty (30) days of mailing of the Compensation Order." [MIO 2]

{4}     In *Maples v. State,* 1990-NMSC-042, ¶¶ 8-10, 110 N.M. 34, 791 P.2d 788, our Supreme Court noted a possible conflict between Section 52-5-8(A) and Rule 12-601, and held that the Rule takes precedence over the statute. *See Massengill v. Fisher Sand & Gravel Co.*, 2013-NMCA-103, ¶ 10, 311 P.3d 1231 (discussing the same); *see also Tzortzis v. Cty. of Los Alamos*, 1989-NMCA-031, ¶ 2, 108 N.M. 418, 773 P.2d 363 (holding that "[w]hen a statute governing the time for appeal conflicts with a

supreme court rule, the rule governs"). Therefore, Worker was required to file a notice of appeal in this Court "within thirty (30) days from the date of the order . . . appealed from." Rule 12-601(B). The order was entered on January 27, 2016, such that a timely notice of appeal was due on or before Friday, February 26, 2016. While we note that Worker's notice of appeal, filed Monday, February 29, 2016, was only one business day late, "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." *Trujillo*, 1994-NMSC-024, ¶ 19. We are not persuaded that such circumstances appear to be present in this case.

{5}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we dismiss.

{6}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**M. MONICA ZAMORA, Judge**

4