This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39546**

**CREIG BUTLER,**

  Judgment Creditor-Appellee,

v.

**MOTIVA PERFORMANCE
ENGINEERING, LLC,**

  Judgment Debtor,

and

**DEALERBANK FINANCAL SERVICES,
LTD; and ARMAGEDDON HIGH
PERFORMANCE SOLUTIONS, LLC;**

  Relief Defendants,

and

**WILLIAM S. FERGUSON,**

  Relief Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Court Judge**

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Spencer L. Edelman
Elizabeth A. Martinez
Laura M. Unklesbay
Albuquerque, NM

for Appellee

Kennedy, Hernandez & Harrison, P.C.
Paul J. Kennedy
Jessica M. Hernandez
Elizabeth A. Harrison
Esther C. Jamison
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Appellant William S. Ferguson appeals the sanctions in the district court's order of civil contempt. His argument on appeal is twofold. First, he argues that the sanctions imposed on him in paragraph C of the order of civil contempt are punitive as opposed to remedial and thus constitute procedurally defective criminal contempt sanctions. And second, that the district court lacked statutory authority to impose a $50,000 fine payable to a charity, a third party not involved in the case. We affirm the district court's order, concluding that the sanctions in paragraph C of the order are appropriate under both Rule 1-011 NMRA and the court's inherent judicial powers.

**BACKGROUND**

**{2}** This appeal arises from Appellant's attempts to avoid satisfying a judgment entered against Motiva Performance Engineering LLC, a company for which Appellant served as president, director, registered agent, and attorney in the underlying litigation. After the district court entered its judgment of $292,002, plus interest, costs, and attorney fees, Appellant's shenanigans to avoid satisfying the judgment began. He shut down Motiva and transferred title of a 2012 Ferrari FF (the Ferrari) from Motiva to Dealerbank Financial Services, Ltd. (Dealerbank), another company owned by him. Appellant did not disclose the title transfer to the district court. Appellant then prevented the collection of Motiva's inventory by claiming that one of his other companies, Avatar Recoveries, LLC, had a landlord's lien against Motiva for unpaid rent.

**{3}** As a result, Appellee filed a motion for declaration of ownership, seeking a declaration that Motiva owned the Ferrari and the inventory in question, a motion to join Appellant's other companies as relief defendants, and a verified writ of attachment or, in the alternative, a preliminary injunction, seeking an order to maintain the current state of title and possession of the Ferrari and inventory until a final determination of ownership could be made. The district court held a hearing on the application for a writ of attachment or preliminary injunction, and orally granted attachment on the Ferrari, and instructed the parties to draft a preliminary injunction reflecting the court's intent to maintain the status quo of ownership until a full determination could be made. Before the hearing, the Ferrari was titled and owned by Dealerbank free of any lien. The day after the hearing—and before the parties presented their proposed draft of the

preliminary injunction—Appellant applied for a $120,000 loan pledging the Ferrari as collateral. While the parties were still negotiating the preliminary injunction draft, the bank granted the loan to Appellant and noted its interest in the Ferrari by obtaining a new certificate of title. Appellant did not disclose that he had secured a loan, or its attachment to the Ferrari to the district court or to Appellee.

{4} The district court then entered the preliminary injunction order, instructing Appellant to keep the Ferrari's title in Dealerbank's name and domicile the Ferrari in New Mexico pending the court's decision on the motion for declaration of ownership. After entering the injunction, the district court held a bench trial on ownership. During the trial, Appellant did not mention the new bank lien on the Ferrari, instead Appellant introduced the outdated copy of the Ferrari's title that did not reflect the new lien. In its order, the district court found that Appellant transferred the car's title without consideration in order to avoid paying the jury verdict against Motiva.

{5} The $120,000 loan and lien on the Ferrari became known only after it was listed in Motiva's bankruptcy filings. Appellee then filed a motion for order to show cause arguing that the district court should hold Appellant in contempt for violation of the preliminary injunction, impose sanctions, and refer the matter to the district attorney's office for possible prosecution. The district court entered an order to show cause, notified Appellant of the possible ramifications, and held an evidentiary hearing. After the hearing, the district court issued a contempt and sanction order. The district court held Appellant, Dealerbank, and Appellant's law firm in civil contempt for violating the court's oral ruling directing the parties to (1) maintain the status quo of the Ferrari's ownership until the ownership motion could be heard, (2) for violating the preliminary injunction by pledging the Ferrari as collateral for a $120,000 loan from Main Bank, and (3) for willfully hiding and affirmatively misleading the court about the change in the Ferrari's title. The civil contempt order entered by the court has two respective parts. The first, paragraph A is directed to Appellant, Dealerbank, and Appellant's law firm and is unchallenged in this appeal. The second, paragraphs B, C, and D are directed to Appellant only. Appellant only challenges paragraph C of the order in this appeal, which states, "Ferguson may purge the civil contempt as to him by . . . [paying] the [j]udgment in full, including payment of all interest and attorney[] fees incurred" and "giv[ing] $50,000 to Roadrunner Food Bank."

## DISCUSSION

{6} Appellant makes two arguments on appeal, contending that the sanctions in effect imposed criminal contempt without satisfying due process. Next he asserts the district court lacked statutory authority to impose a $50,000 fine payable to a third party. We conclude that the sanctions were appropriate under Rule 1-011 and the court's inherent powers even though Appellant failed to preserve these issues because the preservation exceptions could apply. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *see also* Rule 12-321(B) (stating the exceptions).

**{7}**     "In order to preserve an issue for appeal, [an appellant] must have made a timely and specific objection that apprised the district court of the nature of the claimed error and that allows the district court to make an intelligent ruling thereon." *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791. Appellant did not raise these issues below. Nevertheless, Appellant argues that there is a "general rule that appealable issues from a contempt order may be preserved by a timely notice of appeal and docketing statement." Appellant's only support for this "general rule" is a nonprecedential case, *Tue Thi Tran v. Bennett*, No. 32,677, mem. op. (N.M. Ct. App. May 28, 2014) (nonprecedential), *rev'd*, 2018-NMSC-009, 411 P.3d 345, and its corresponding amended notice of appeal, which do not directly address the preservation of the appellant's arguments below. Although we may consider nonprecedential cases for persuasive value, Rule 12-405 NMRA, neither *Bennett* nor its subsequent appeal, *Tue Thi Tran,* 2018-NMSC-009, address preservation or support a general rule that allows preservation through a notice of appeal and docketing statement. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 (stating that cases are not authority for issues not decided or addressed by the Court). Without further authority, we assume no authority for Appellant's argument exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that when a party fails to cite authority for an argument, we may assume none exists). Furthermore, Appellant had the opportunity to apprise the district court of these issues in his motion to reconsider pursuant to Rule 1-059(E) NMRA, but failed to do so. *See* Rule 12-321(A) (asserting that "the absence of an objection does not thereafter prejudice the party" only "[i]f a party has *no opportunity* to object to a ruling or order at the time it is made" (emphasis added)).1 Consequently, we

---

1The dissent correctly notes that Appellant did not have basis or opportunity to object to the sanction *before* the order was entered. The plain language of Rule 12-321(A), however, does not exempt from the preservation requirement issues that could not have been raised before a ruling or order. Instead, it only exempts issues if a party does not have an opportunity to contemporaneously object to a ruling or order. Rule 12-321(A). Here, Appellant had the opportunity to contemporaneously file a motion to reconsider objecting to the sanction. In fact, Appellant did file a motion to reconsider, but failed to invoke a ruling of the district court on the same grounds now argued on appeal. *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.").

Furthermore, we disagree with the dissent's reliance on *Jones v. City of Albuquerque Police Department* (*Jones II*), 2020-NMSC-013, ¶ 24, 470 P.3d 252. In *Jones II*, our Supreme Court "decline[d] to conclude that it was mandatory . . . to apply for discretionary remedies from a *nonfinal*, *interlocutory*, *ruling* in order to preserve his argument." *Id.* (emphasis added). Similarly, the dissent in *Jones v. City of Albuquerque Police Department* (*Jones I*), premised its practical concerns on the application of requiring parties to "pursue discretionary remedies to a *non*[]*final order.*" A-1-CA-35120, mem. op. ¶ 22 (N.M. Ct. App. May 10, 2018) (Vargas, J., dissenting) (emphasis added) (nonprecedential). This Court's analyses limited to nonfinal orders serve to distinguish *Jones I* from this Case.

Here, the district court's order was *final* and therefore any concerns about creating piecemeal appeals or uncertainty for litigants are inapplicable. Instead, requiring a party to object to a final order to preserve an issue furthers the purposes of the preservation rule. *Sandoval*, 2009-NMCA-095, ¶ 56 ("The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue.").

may review the issues raised in this appeal only if an exception to the preservation rule applies. *See* Rule 12-321(B) (listing the preservation exceptions).

**{8}**     In the reply brief, Appellant argues for the first time that the general public interest, fundamental error, and fundamental rights of a party exceptions apply.2 Although we agree that these exceptions could apply, we do not reach this argument because the challenged sanctions are proper under Rule 1-011(A) and the district court's inherent powers. In the order of civil contempt and sanctions, the district court specifically invoked Rule 1-011(A) as an alternative basis to civil contempt for the sanctions imposed on Appellant. Furthermore, the district court repeatedly referenced its inherent powers throughout the order, indicating that the court intended those powers as another alternative basis for directly sanctioning Appellant. Accordingly, we consider whether the district court has the authority to impose the challenged sanctions, pursuant to Rule 1-011 and its inherent judicial powers.

## I.     Standard of Review

**{9}**     We review the district court's imposition of sanctions under Rule 1-011(A) or the court's inherent powers for an abuse of discretion. *See Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶ 16, 111 N.M. 670, 808 P.2d 955 ("[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule [1-0]11 determination."); *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 ("We generally review a district court's imposition of sanctions under its inherent power for an abuse of discretion."). Our review is generally deferential because "[t]he district court is in the best position to view the factual circumstances surrounding an alleged violation of Rule 1-011." *Bernier v. Bernier ex rel. Bernier*, 2013-NMCA-074, ¶ 15, 305 P.3d 978 (alteration, internal quotation marks, and citation omitted). Thus, an abuse of discretion in the context of sanctions is only found "when the trial court's decision is clearly untenable . . . contrary to logic and reason," *Rivera*, 1991-NMSC-030, ¶ 16, or "the court bases its ruling on an erroneous view of the law." *Rangel v. Save Mart, Inc.*, 2006-NMCA-120, ¶ 12, 140 N.M. 395, 142 P.3d 983 (internal quotation marks and citation omitted).

**{10}**     Nevertheless, "[a]lthough our [Rule 1-011] standard of review is generally very deferential, our deference wanes when the district court adopts verbatim the prevailing party's extensive requested findings of fact and requested conclusions of law in complex cases." *Bernier*, 2013-NMCA-074, ¶ 15 (citation omitted). Appellant argues that the district court adopted "almost all of [Appellee]'s proposed findings and conclusions, most of which were adopted verbatim, and retained substantially the same language— with only minor edits and additions—to findings that were not adopted verbatim." In this

---

2Although we do not normally entertain arguments raised for the first time in a reply brief, we address these arguments here because they are a direct response to the assertion raised in the answer brief that Appellant failed to preserve the issues for appeal below. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65 (explaining that Rule 12-213(C) NMRA (1999) (recompiled as Rule 12-318(C) NMRA), allows the appellant to respond in his reply brief to arguments not raised in the brief in chief if asserted in the answer brief).

case, the district court did not employ the "wholesale verbatim adoption" that requires us to relax our usual deferential review. *Los Vigiles Land Grant v. Rebar Haygood Ranch, LLC*, 2014-NMCA-017, ¶ 2, 317 P.3d 842. The district court adopted its own findings of fact and included conclusions of law not proffered by Appellee, demonstrating that it exercised its independent judgment in arriving at its decision. *See Pollock v. Ramirez*, 1994-NMCA-011, ¶ 28, 117 N.M. 187, 870 P.2d 149 (stating that "the [district] court is required to exercise independent judgment in arriving at its decision and should generally avoid verbatim adoption of all of the findings and conclusions submitted by a party"). Accordingly, we review the district court's Rule 1-011(A) sanction under the deferential standard of review.

## II.     Rule 1-011(A) Sanctions

{11}     Rule 1-011(A) requires at least one attorney or the party to sign "[e]very pleading, motion, and other paper" filed in court. "The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." *Id.* The rule was "designed to encourage honesty in the bar when bringing and defending actions," and therefore a court may "impose sanctions for a willful violation of the rule." *Rivera*, 1991-NMSC-030, ¶ 13 (internal quotation marks and citation omitted). Because "[t]he trial judge is in the best position to view the factual circumstances surrounding an alleged violation . . . Rule [1-0]11 gives [the district] courts discretion to fashion sanctions to fit specific cases," unrestrained by mechanical rules. *Rivera*, 1991-NMSC-030, ¶ 17. This includes the imposition of monetary sanctions. *See Doña Ana Sav. & Loan Ass'n, F.A. v. Mitchell*, 1991-NMCA-054, ¶ 9, 113 N.M. 576, 829 P.2d 655 (stating that Rule 1-011 "permit[s] the imposition of a fine as a sanction in appropriate cases").

{12}     In this case, the district court determined that the contempt and sanctions order "is also appropriate under . . . Rule 1-011 . . . because of [Appellant]'s direct involvement [and] . . . willful misstatements in documents filed with th[e district c]ourt, as well as his omissions and arguments and testimony presented to th[is C]ourt throughout this proceeding." Appellant does not challenge the district court's findings of fact or conclusions. Therefore, it is undisputed that Appellant knowingly violated the district court's oral ruling and the preliminary injunction requiring Appellant to maintain the status quo of the Ferrari's ownership. It is further undisputed that Appellant willfully hid the alteration to the Ferrari's ownership from the district court and purposefully introduced into evidence "an old version of the Ferrari's [c]ertificate of [t]itle . . . , which . . . was a continuation of a fraud upon the [district] court to deceive the [c]ourt into thinking the [p]reliminary [i]njunction had been complied with." This is a clear violation of Rule 1-011. The district court concluded that Appellant's behavior "confirm[ed] th[e c]ourt's finding that [he] has in the past and will continue to disregard the law, the [c]ourt's orders, and the New Mexico Rules of Professional Conduct" unless the court imposed sanctions. Therefore, we hold that the district court did not abuse its discretion in imposing the sanctions pursuant to Rule 1-011(A) because the district court has broad authority to fashion sanctions that fit the specific violations and Appellant's

actions are "precisely the kind of activity Rule 1-011 is designed to deter and in which a court may impose sanctions in the exercise of its inherent powers." *Landess v. Gardner Turf Grass, Inc.*, 2008-NMCA-159, ¶ 18, 145 N.M. 372, 198 P.3d 871.[3] Nevertheless, we further consider the sanctions propriety pursuant to the district court's inherent powers because "if a party's litigation abuses fall outside the sanction authority expressly set forth in our procedural rules, the court may rely on its inherent powers to impose sanctions." *Freeman v. Fairchild*, 2018-NMSC-023, ¶ 19, 416 P.3d 264 (internal quotation marks and citation omitted).

## III.    Inherent Powers

**{13}**    Although the district court did not explicitly impose the sanctions under its inherent powers, the court repeatedly referenced those powers to impose sanctions in its conclusions of law and in the order. "Inherent judicial power is the power necessary to exercise the authority of the court." *In re Jade G.*, 2001-NMCA-058, ¶ 27, 130 N.M. 687, 30 P.3d 376. Such authority extends to all conduct before this Court. *See Khalsa Tr. of Yogi Bhajan Admin. Tr. v. Puri*, 2023-NMCA-018, ¶ 30, 525 P.3d 394. "The rationale underlying the existence of [such] power . . . is that a court must be able to command the obedience of litigants and their attorneys if it is to perform its judicial functions." *Rest. Mgmt. Co. v. Kidde-Fenwal, Inc.*, 1999-NMCA-101, ¶ 11, 127 N.M. 708, 986 P.2d 504 (internal quotation marks and citation omitted). As an exercise of its inherent power, the court "may sanction parties and attorneys to ensure compliance with the proceedings of the court." *In re Jade G.*, 2001-NMCA-058, ¶ 28. Such sanctions imposed "under the court's inherent authority can be both compensatory and punitive in nature." *Harrison*, 2013-NMCA-105, ¶ 19. Furthermore, the district court has broad discretion to impose sanctions pursuant to the court's inherent authority and such power exists independent of statute. *See State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 11, 120 N.M. 1, 896 P.2d 1148; *see also Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (noting that "courts have broad inherent power to sanction misconduct and abuse of the judicial process").

**{14}**    Here, Appellant "engaged in conduct in direct defiance of the court's authority," *see Khalsa Tr. of Yogi Bhajan Admin. Tr.*, 2023-NMCA-018, ¶ 31, by violating the district court's oral orders, violating the preliminary injunction, filing outdated and

---

3In this case, the district court's Rule 1-011(A) sanctions were based on Appellant's "direct involvement, his supervisory and ownership control over the [l]aw [f]irm (and its attorneys), and Dealerbank, through willful misstatements in documents filed with th[e district c]ourt, as well as his omissions and arguments and testimony presented to th[e district c]ourt." On these grounds, the sanctions furthered the primary goal of Rule 1-011, which is to "encourage honesty in the bar" and deter baseless filings. *Rivera*, 1991-NMSC-030, ¶¶ 13-14 (internal quotation marks and citation omitted). Appellant's outdated filings and misleading testimony abused the litigation process preventing the district court from deterring future litigation abuse without punishing Appellant. *See id.* ¶ 14. Although, the Advisory Committee Notes to Fed. R. Civ. P. 11 explains that "if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." Fed. R. Civ. P. 11(b), (c) (1993 amendment). This Court has recognized that the Fed. R. Civ. P. 11 and Rule 1-011 are not identical, and rejected the invitation to incorporate provisions within Fed. R. Civ. P. 11 to its interpretation of Rule 1-011. *Bernier*, 2013-NMCA-074, ¶ 24. Moreover, our Supreme Court has clarified that there are no mechanical rules regarding the sanctions district courts can impose pursuant to Rule 1-011. *See Rivera*, 1991-NMSC-030, ¶ 17.

deceptive documents as exhibits, and repeatedly misleading the district court. Such circumstances warrant the imposition of sanctions under the district court's inherent powers. *See In re Jade G.*, 2001-NMCA-058, ¶ 28; *see also Rest. Mgmt. Co.*, 1999-NMCA-101, ¶ 11.

**{15}** Moreover, the district court explicitly highlighted that it was aware of the restrictions on its civil contempt powers. The district court then explained that although the sanctions in paragraph C of the order "appear[] to be punitive" they are necessary, because "anything less will be ineffective at compelling [Appellant] to prospectively comply with his obligations as a party and as an attorney." These statements by the district court in combination with the court's clear understanding of the distinction between its civil and criminal contempt powers and the courts repeated references to the court's inherent powers to sanction indicate that the court actually intended these sanctions to be imposed as an exercise of its inherent powers and not a misuse of its civil contempt powers. Accordingly, the district court did not err in exercising its inherent authority to impose the sanctions listed in paragraph C of the order to preserve the integrity of the judicial process.

## IV.     Sanctions Payable to Third Parties

**{16}** Appellant lastly argues that because it is not authorized by statute, the sanction payable to charity is statutorily unauthorized. Appellee responds that the district court's authority to impose sanctions pursuant to Rule 1-011 and its inherent powers is not bestowed by the Legislature, thus, statutory authorization was not required. We agree with Appellee—the Legislature lacks power to regulate sanctions under Rule 1-011 and the district court's inherent authority. *See In re Motion for a Subpoena Duces Tecum to Issue to Custodian of Records of Governor's Organized Crime Prevention Comm'n*, 1980-NMSC-010, ¶ 5, 94 N.M. 1, 606 P.2d 539 ("This Court is vested with the exclusive right to prescribe and regulate pleading, practice and procedure in all courts, including lower courts."). Similarly, the district court's inherent judicial authority to impose sanctions exists independent of statute. *State ex rel. N.M. State Highway & Transp. Dep't*, 1995-NMSC-033, ¶ 11. Accordingly, the district court did not need statutory authorization to impose sanction payable to third parties under Rule 1-011 or its inherent judicial powers.

**{17}** Ultimately, although the language of the district court's order framed the sanctions in paragraph C of the order as conditions to purge civil contempt, it also correctly asserted its authority to impose sanctions under Rule 1-011, and, from our review of the district court's factual findings, conclusions of law, and order, it is apparent the court also intended to impose the sanctions listed in paragraph C of the order under its inherent judicial powers. Because such authority is sufficient on its own to allow the sanctions, we need not consider whether the district court's actions might otherwise be procedurally defective criminal contempt.

## V.     Jurisdiction

**{18}** Because we hold that the district court below imposed the sanctions in paragraph C of the order under Rule 1-011 and its inherent judicial powers instead of as an exercise of civil contempt, we recognize that this raises a question of finality. *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844 ("Whether an order is a 'final order' within the meaning of the statute is a jurisdictional question that an appellate court is required to raise on its own motion."); *see also Ferebee v. Hume*, 2021-NMCA-012, ¶ 27, 485 P.3d 778 (explaining that the court lacked appellate jurisdiction to review a nonfinal decision denying Rule 1-011 sanctions without a sufficient reason from the plaintiff and appropriate support as to how such a decision is final). The imposition or denial of Rule 1-011 sanctions are generally not considered final on their own*. See Ferebee*, 2021-NMCA-012, ¶ 27. Civil contempt orders, on the other hand, are deemed final for the purposes of appeal and can be appealed immediately. *Kucel v. N.M. Med. Rev. Comm'n*, 2000-NMCA-026, ¶ 13, 128 N.M. 691, 997 P.2d 823 (emphasizing that the Legislature has explicitly provided the right to appeal from judgments in civil contempt proceedings in NMSA 1978, Section 39-3-15(A) (1966)). Moreover, "[f]inality for the purpose of an appeal is viewed in a practical rather than a technical context and by looking to the substance of the document." *Santa Fe Pac. Tr., Inc. v. City of Albuquerque*, 2012-NMSC-028, ¶ 10, 285 P.3d 595.

**{19}** This appeal arose as a challenge to the sanctions imposed in a civil contempt order. Moreover, the sanctions imposed are for the violation of the district court's oral order and preliminary injunction to maintain the state of possession of certain items until the ownership of those items could be determined. Thus, review of whether the sanctions were a proper exercise of civil contempt powers or permissible as another form of sanctions is sufficiently final because reviewing the sanctions imposed in this case does not require a substantive evaluation of legal and factual issues involved in the overarching litigation. *See Bank of Am., Nat'l Ass'n v. Khalsa*, No. 32,979, mem. op. ¶ 3 (N.M. Ct. App. Nov. 19, 2013) (nonprecedential) (holding that appellate review was not appropriate when review of an award of sanctions was solely based on Rule 1-011 and reviewing the award would require a substantive evaluation of legal and factual issues critical to the case); *see also State v. Ngo*, 2001-NMCA-041, ¶ 7, 130 N.M. 515, 27 P.3d 1002 (holding that an "order for sanctions, which was in part a contempt order and in part similar to a contempt order . . . [was] both final and appealable when entered"). Therefore, we have jurisdiction to determine that the district court appropriately imposed the sanctions listed in paragraph C of the order under Rule 1-011 and its inherent powers in this case.

**CONCLUSION**

**{20}** For the foregoing reasons, we affirm.

**{21}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**I CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge (dissenting).**

**DUFFY, Judge (dissenting).**

**{22}** I perceive a handful of issues with the analysis and disposition set forth in the majority opinion that prevent me from signing on to the result. I briefly summarize the points of disagreement in the order the issues are addressed in the opinion.

**{23}** First, it is unclear to me why the majority believes the issue of whether the $50,000 sanction amounted to criminal, rather than civil, contempt was not preserved. The matter simply wasn't at issue before the district court entered its order, meaning there was no basis or opportunity for Ferguson to object to the sanction before the order was entered. *See* Rule 12-321(A) ("If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party."). After the order was entered, Ferguson was not required to file a motion to reconsider in order to preserve the issue for appeal. *See Jones v. City of Albuquerque Police Dep't*, 2020-NMSC-013 (*Jones II*), ¶ 24, 470 P.3d 252 (holding that a party was not required to apply for discretionary remedies such as reconsideration in order to preserve an argument for appeal regarding the district court's substantive ruling). Consequently, I do not see a preservation problem that would prevent this Court from reviewing the issue on the merits. Likewise, as with the dissent in *Jones v. City of Albuquerque Police Department* (*Jones I*), A-1-CA-35120, mem. op. ¶ 27 (N.M. Ct. App. May 10, 2018) (nonprecedential) (Vargas, J., dissenting), I worry about the practical implications of the majority's holding and the uncertainty it creates for litigants as to what is necessary to preserve an issue for review.

**{24}** Notwithstanding this, it is ultimately unnecessary to review Ferguson's criminal contempt arguments on the merits because the district court provided alternative grounds justifying the $50,000 sanction, and Ferguson only challenged one of them. Ferguson's brief in chief focused entirely on the district court's ruling that the $50,000 sanction was authorized as a civil contempt punishment and failed to mention, much less challenge, the district court's alternative ruling that the sanction was appropriate under Rule 1-011. Ferguson's reply brief only summarily addresses this aspect of the district court's order, arguing without authority that Ferguson was entitled to more due process than he received. *See Bernier*, 2013-NMCA-074, ¶ 25 ("Due process requires that the attorney be given notice of the imposition of Rule 1-011 sanctions, may require specific notice of the reasons for the imposition of sanctions, and mandates that the accused be given an opportunity to respond." (alteration, internal quotation marks, and citation omitted)). In light of this, I believe Ferguson has inadequately challenged the district court's Rule 1-011 ruling, and the sanction is generally affirmable on that basis.

**{25}** While the majority opinion delves into Rule 1-011, I am troubled by what I perceive as overbreadth in the opinion's discussion of why the sanction is affirmable under the rule. "The primary goal of Rule 1-011 is to deter baseless filings in district

court." *Bernier*, 2013-NMCA-074, ¶ 19 (alteration, internal quotation marks, and citation omitted). Thus, the district court's finding that Ferguson made willful misstatements in documents filed with the court would be enough to justify the sanction it imposed. The majority opinion, however, relies on additional conduct that does not clearly seem to fall within the ambit of Rule 1-011, such as Ferguson's arguments and testimony presented to the court, violation of the court's oral ruling and preliminary injunction, hiding the alteration of the Ferrari's ownership, and introducing into evidence an old version of the Ferrari's certificate of title. The majority has not cited any authority to support its reliance on this conduct as a basis to affirm the sanctions award under Rule 1-011. Like the majority's preservation conclusion, this discussion carries practical implications, one of which is, in my view, the creation of confusion about the circumstances in which sanctions are authorized under the rule.

**{26}** Given the majority's Rule 1-011 analysis, the opinion's further discussion of the district court's inherent powers strikes me as unnecessary, particularly because the district court made no mention of inherent powers as a basis for the award. The district court expressly grounded the sanctions in civil contempt and Rule 1-011. I cannot agree that this Court can or should affirm a sanctions award on a ground not expressed in the district court's order.

**{27}** Finally, I do not believe the majority opinion gives due credit to the nuance and complexity of the issue Ferguson raises regarding the district court's authority to direct payment of a sanctions award to third parties. The case law cited by Ferguson details the matter, and a version of this issue is presently pending in the New Mexico Supreme Court in *In re Maestas*, S-1-SC-39901, which addresses whether courts are prohibited from directing fines and fees to third parties under the New Mexico Constitution. The certification order in that case specifically noted that the Court's decision has the potential to impact sanctions awards under Rule 1-011. Recognizing this, I would have certified this case to the New Mexico Supreme Court and refrained from summarily deciding the issue.

**{28}** For all of these reasons, I respectfully dissent.

**MEGAN P. DUFFY, Judge**